**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1219-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MONAUD TOUSSAAINT,[1]
a/k/a DAMU,

     Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided  January 3, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 07-06-0061.

Joseph E. Krakora, Public Defender, attorney for appellant (Janet A. Allegro, Designated Counsel, on the briefs).

---

[1]  We have changed the caption to conform to defendant's judgment of conviction, which states that his last name is "Toussaaint."

Gurbir S. Grewal, Attorney General, attorney for respondent (Evgeniya Sitnikova, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of the Law Division dated September 29, 2017, which denied his petition for post-conviction relief (PCR). We affirm.

I.

In June 2007, defendant was charged in a multi-count indictment with first-degree racketeering, N.J.S.A. 2C:41-2(c) (count one); first-degree conspiracy to commit murder of Almeen Palmer, N.J.S.A. 2C:5-2; N.J.S.A. 2C:11-3(a)(1) and (2) (count three); first-degree conspiracy to commit murder of an individual identified as T.C., N.J.S.A. 2C:5-2; N.J.S.A. 2C:11-3(a)(1) and (2) (count five); second-degree conspiracy to possess and distribute a controlled dangerous substance, N.J.S.A. 2C:5-2; N.J.S.A. 2C:35-5(a)(1) and (b)(2); N.J.S.A. 2C:35-10(a)(1) (count six); fourth-degree solicitation or recruitment to join a criminal street gang, N.J.S.A. 2C:33-28(a) (count thirty-one); third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(a) (count thirty-eight); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count forty); third-degree unlawful possession of a weapon, N.J.S.A.

2C:39-5(b) (count forty-one); and third-degree promoting prostitution, N.J.S.A. 2C:34-1(b)(2) (count forty-eight).

On July 8, 2013, defendant pled guilty to count three, which charged him with conspiracy to murder Palmer. Thereafter, defendant filed a motion to withdraw his plea, but he withdrew the motion prior to sentencing. Defendant was sentenced on May 12, 2014, to a ten-year term of incarceration, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The court dismissed the other charges.

Defendant appealed from the judgment of conviction dated June 3, 2014, and challenged his sentence. The appeal was heard on the court's excessive sentence oral argument calendar. See R. 2:9-11. We affirmed the sentence. State v. Toussaaint, No. A-1439-14 (App. Div. Mar. 10, 2015). The Supreme Court denied defendant's petition for certification. State v. Toussaaint, 223 N.J. 165 (2015).

Thereafter, defendant filed a pro se PCR petition, dated June 17, 2016. He claimed he was denied the effective assistance of counsel at sentencing. In his certification, defendant stated that he had discussions to engage in certain criminal activities, and understood that the person with whom he had these

discussions was "planning to kill [his] old friend," Palmer. Defendant alleged he decided to warn Palmer and called him "right away." Defendant stated that he "told [Palmer] there was a plot against him and he should be careful."

Defendant stated that he gave this information to his attorney, but he was unsure where to locate Palmer. After defendant pled guilty, Palmer called him and he gave Palmer's contact information to his attorney. According to defendant, his attorney had an investigator speak with Palmer, who allegedly confirmed that defendant had warned him that gang members planned to kill him. Defendant stated that after he saw the investigator's report he wanted to withdraw his plea, but changed his mind.

Defendant stated that at sentencing, his attorney should have informed the court he had warned Palmer and used this information to seek a lower sentence. He said only two co-defendants received longer sentences than he did, but these persons allegedly initiated the conspiracy. Defendant stated that as far as he knew, the others involved had their charges dismissed or downgraded.

The PCR court assigned counsel to represent defendant, and counsel filed a letter brief and appendix with the court in support of defendant's petition. PCR counsel argued that the court should conduct an evidentiary hearing because defendant had presented a prima facie case of ineffective assistance of counsel.

 A-1219-17T3

PCR counsel asserted that defense counsel had not provided effective assistance at sentencing. PCR counsel argued that because defendant had warned Palmer he was the intended victim of the threat against him, counsel was deficient in failing to seek a finding by the sentencing judge on mitigating factor four, N.J.S.A. 2C:44-1(b)(4) (substantial grounds tending to excuse or justify defendant's conduct). PCR counsel argued that if this mitigating factor had been raised, there was "a reasonable probability . . . the outcome of the sentencing would have been different."

PCR counsel further argued that relief was warranted based on the claims defendant asserted in his pro se petition. PCR counsel asserted that due to cumulative errors, defendant was denied due process and a fair trial, in violation of the United States Constitution and the Constitution of the State of New Jersey. PCR counsel also claimed that defense counsel should have re-negotiated the plea after defendant presented proof he warned Palmer of the threat against him. In addition, PCR counsel argued that defendant's claims were not barred by either Rule 3:22-4 or Rule 3:22-5.

On September 29, 2017, Judge Thomas M. Brown conducted an evidentiary hearing on the petition. At the hearing, defendant's trial attorney testified that after defendant entered his plea, an investigator reviewed

defendant's claim that he warned Palmer of the threat against him. The investigator interviewed Palmer and provided a report, which counsel provided to defendant. Defendant decided that his attorney should file a motion to withdraw the plea, even though counsel advised him he could be convicted on "a whole host of other offenses" if the plea were withdrawn. Defendant decided to withdraw his motion and proceed with sentencing.

Defendant's attorney testified she did not specifically recall whether she argued for findings of any specific mitigating factors at sentencing. She noted that in his report, the investigator stated that Palmer said defendant had warned him that other gang members wanted to kill him. Defendant's attorney testified that the judge had that information because it was included in the motion to withdraw the plea. She noted, however, that she did not raise this issue during the sentencing proceeding.

Palmer testified that defendant informed him that gang members planned to kill him. Palmer said he and defendant laughed about it. Palmer also noted that "a lot of people" had been telling him what they were going to do to him, but he did not take any of it seriously. He noted, however, that he always carried a gun. He stated that after defendant warned him, officers told him that there was a plot against him. He told them he "ain't worried about none of that."

On cross-examination, Palmer stated that he had been a member of the Nine Trey Gang, which is part of the Bloods. He was arrested for his gang-related activities, pled guilty to first-degree racketeering, and was sentenced to a fifteen-year term of incarceration. Palmer said defendant told him someone was plotting to kill him, but defendant did not tell him he was going to call the police. Palmer stated, "Why would he call the police? That ain't what we do in [the] Bloods, you know that. That ain't the gang life."

Defendant testified that he told his trial attorney that he "had warned . . . Palmer . . . his life was in danger," and he wanted to withdraw his plea for that reason. Defendant stated that someone ordered him and others to participate "in going after" Palmer. He did not confront that individual because it would put his own life at risk. Defendant said that after he pled guilty, Palmer reached out to him.

Defendant further testified that he contacted his attorney, and she sent the investigator to speak with Palmer. Although the motion to withdraw the plea was filed, defense counsel convinced him to withdraw the motion. She explained the ramifications of proceeding with the motion and the potential sentencing exposure.

A-1219-17T3

On cross-examination, defendant admitted that he did not try to convince others not to kill Palmer because their minds were already made up, and he believed his warning would be sufficient. Defendant said he did not know that a confidential informant had advised the police of the threat against Palmer, and that the police stopped the gang members from killing Palmer.

Defendant insisted, however, that his warning stopped the gang members from carrying out the threat. He stated that when the police arrived and arrested him and other co-defendants, they did not state they were there to stop them from killing Palmer. According to defendant, even after the arrest, some gang members still wanted to kill Palmer. He said he warned Palmer again.

Judge Brown placed his decision on the record. The judge found that defendant had not established he had been denied the effective assistance of counsel, and there was no other basis for relief. The judge stated that counsel's conduct "did not fall below the standard of reasonableness," and defendant had not shown that he was prejudiced by counsel's failure to specifically argue for a finding of mitigating factor four at sentencing. The judge noted that even if counsel had raised this issue, it would not have had an impact on defendant's sentence. The judge entered an order dated September 29, 2017, denying the petition. This appeal followed.

A-1219-17T3

II.

Defendant argues PCR court erred by finding that trial counsel's decision not to argue for mitigating factor four at sentencing did not fall below a standard of reasonableness. Defendant asserts the fact he warned the victim of the plans to kill was a "significant mitigating factor" for sentencing purposes, and counsel's failure to argue this point at sentencing was not reasonable. He contends there was a reasonable probability the outcome of the sentencing would have been different if his attorney had argued this point.

To prevail on a claim of ineffective assistance, a defendant must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), which was later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The defendant must show that his attorney's "performance was deficient" and that his attorney's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

In considering whether a defendant satisfied the first prong of the Strickland test, we recognize a strong presumption that trial counsel exercised reasonable professional judgment in the handling of the case. Id. at 690. To overcome that strong presumption, a defendant must show that counsel's actions "or omissions were outside the wide range of professionally competent

assistance." Ibid. Furthermore, to establish prejudice under the second prong of the Strickland test, the defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, Judge Brown found that defendant was not denied the effective assistance of trial counsel because at sentencing, defendant's attorney did not seek a finding on mitigating factor four based on defendant's claim that he warned Palmer of the threat against him. Judge Brown determined that defendant failed to show that counsel's performance was deficient and that he was prejudiced by counsel's failure to seek a finding on mitigating factor four. The record supports the judge's findings.

At sentencing, the judge noted that defendant pled guilty to conspiring with his co-defendants to kill Palmer because Palmer had changed his gang affiliation. The judge stated that a co-defendant had ordered defendant to kill Palmer. Defendant and a co-defendant attempted to locate Palmer, stole a car, and gathered weapons for use in the murder. The judge noted that members of the Atlantic City Police Department (ACPD) and the Atlantic County Prosecutor's Office (ACPO) arrived and arrested defendant and his co-

defendants. Defendant's conversations relating to the conspiracy "were picked up on a lawful wiretap."

The sentencing judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense); five, N.J.S.A. 2C:44-1(a)(5) (substantial likelihood defendant is engaged in organized criminal activity); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). The judge found that aggravating factor six did not apply, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal record and the seriousness of the offenses of which he has been convicted). The judge noted that defendant only had "one other upper court conviction," although it was for aggravated assault.

In addition, based on the statements of defendant and his wife, the judge found mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11) (defendant's imprisonment would entail excessive hardship to defendant or his dependents). The judge also found mitigating factors nine, N.J.S.A. 2C:44-1(b)(9) (defendant's character and attitude indicate he is unlikely to commit another offense), and twelve, N.J.S.A. 2C:44-1(b)(12) (willingness of defendant to cooperate with law enforcement). The judge gave partial weight to mitigating factors nine and twelve because defendant pled guilty and "appeared to be

11

sincere in his effort[] to change his prior way of life." The judge found that the "aggravating factors slightly outweigh the mitigating" factors. The judge sentenced defendant to a ten-year prison term, subject to NERA.

Even if we assume counsel was deficient, defendant has not shown it is reasonably probable the sentencing judge would have sentenced defendant as a second-degree offender if counsel had sought a finding on mitigating factor four. Although defendant may have told Palmer of the threat against him, others had warned him as well, and Palmer did not take the threats seriously. As he testified at the PCR hearing, Palmer believed he could protect himself against the threatened harm because he always carried a gun.

The record also shows that defendant admitted he participated in the conspiracy to murder Palmer. As the judge pointed out at sentencing, there was evidence that defendant took actions in furtherance of the conspiracy. Defendant gathered weapons and stole a car for use in the planned murder. Furthermore, officers of the ACPD and members of the ACPO apparently thwarted the planned murder when they disrupted a meeting and arrested defendant and other gang members. Defendant's statements about the plan to murder Palmer also were intercepted on a lawful wiretap.

Based on these facts, it is not reasonably probable the sentencing judge would have found mitigating factor four. The evidence would not have supported a finding that "[t]here were substantial grounds to excuse or justify defendant's conduct, though failing to establish a defense." See N.J.S.A. 2C:44-1(b)(4).

Moreover, even if the sentencing judge had found mitigating factor four, it is not reasonably probable the judge would have downgraded the sentence pursuant to N.J.S.A. 2C:44-1(f)(2). The statute provides that

> In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted.

> [Ibid.]

Here, defendant failed to show it was reasonably probable the trial court would have made the findings required for the sentencing downgrade under N.J.S.A. 2C:44-1(f)(2). As noted, the sentencing judge found that the "aggravating factors slightly outweigh the mitigating" factors; however, the addition of mitigating factor four would not have resulted in a finding "that the mitigating factors substantially outweigh the aggravating factors," or a finding

A-1219-17T3

that "the interest of justice demands" that defendant be sentenced as a second-degree rather than a first-degree offender.  See ibid.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1219-17T3